UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DUSOBOX CORPORATION,   Case No.: 6:24-bk-00391
   Chapter 11
       Debtor.   *Expedited Hearing Requested on or*
_____/   *Before: January, 31, 2024, or as soon thereafter as possible*

       *Estimated Time Needed for Hearing:*
       **15 Minutes**

**DEBTOR'S MOTION TO DETERMINE ADEQUATE ASSURANCE
OF PAYMENT FOR UTILITY SERVICES, OR IN THE ALTERNATIVE,
ESTABLISHING THE PROCEDURE FOR DETERMINING ADEQUATE ASSURANCE**

    Debtor, Dusobox Corporation, pursuant to 11 U.S.C. §366, files this motion to determine adequate assurance of payment for utility services, or in the alternative, establishing the procedure for determining adequate assurance and states as follows:

    1.    <u>Chapter 11 Case.</u>  On January 26, 2024 (the "Petition Date"), Debtor filed the above referenced Chapter 11 case.  The Debtor continues to manage its financial affairs as Debtor-in-Possession.

    2.    <u>Business of Debtor.</u>  The Debtor owns and operates a company that manufactures custom corrugated display solutions and packaging located at 2501 Investors Row, Suite 500, Orlando Florida (the "Business").  The Debtor has 86 non-insider employees.  Revenue for calendar year 2023 was $26,343,715.00.

    3.    <u>Utility Service.</u>  Prior to the Petition Date, Debtor received utility services from various entities (the "Utilities") as follows:

| UTILITY | TYPE OF SERVICE | AVERAGE MONTHLY USAGE | PREPETITION DEPOSIT | PREPETITION CLAIM |
|---|---|---|---|---|
| Duke Energy<br>P.O. Box 1094<br>Charlotte, NC 28201-1094<br>Acct ending: 3026 | Electricity | $598.61 | 1,510.00 | $0 |
| Duke Energy<br>P.O. Box 1094<br>Charlotte, NC 28201-1094<br>Acct ending: 3034 | Electricity | $542.93 | 13.86 | $0 |
| Duke Energy<br>P.O. Box 1094<br>Charlotte, NC 28201-1094<br>Acct ending: 3340 | Electricity | $27,727.59 | 34,000 | $0 |
| Duke Energy<br>P.O. Box 1094<br>Charlotte, NC 28201-1094<br>Acct ending:3168 | Electricity | $2,200.80 | $0 | $0 |
| Duke Energy<br>P.O. Box 1094<br>Charlotte, NC 28201-1094<br>Acct ending:3861 | Electricity | $954.58 | $0 | $0 |
| Duke Energy<br>P.O. Box 1094<br>Charlotte, NC 28201-1094<br>Acct ending:3522 | Electricity | $487.46 | $0 | $0 |
| Duke Energy<br>P.O. Box 1094<br>Charlotte, NC 28201-1094<br>Acct ending: | Electricity | $969.74 | $0 | $0 |
| Spectrum/Charter Communications<br>1900 Blue Crest Ln<br>San Antonio, TX 78247 | Internet | $224.99 | $0 | $0 |
| Smart City<br>P.O. Box 733083<br>Dallas, TX 75373-3083 | Telephone/Internet | $3,286.44 | $0 | $0 |

| Waste Connections of Florida Orlando Hauling 1099 Miller Ave Altamonte Springs, FL 32701-2069 | Trash service | $1,994.58 | $0 | $0 |

4. <u>Adequate Assurance</u>.  Debtor expects to have sufficient cash after the Petition Date from its ongoing business operations to assure the Utilities of prompt and continued payment of all of their bills for utility services after the Petition Date.  Debtor offers adequate assurance of payment to the Utilities in satisfaction of §366 of the Bankruptcy Code as follows: (the "Adequate Assurance Proposal"):

a. <u>Current Payment</u>.  Debtor shall pay for all utility services provided after the Petition Date pursuant to the undisputed terms of the billing statements generated by the Utilities in the ordinary course of business (i.e., no short or special billing cycles that vary from those utilized prepetition).

b. <u>Cash Deposit</u>.  Debtor shall make a cash deposit for Utility services after the Petition Date in an amount equal to the Average Monthly Usage specified in paragraph 3.

c. <u>Default</u>.  If Debtor fails to timely perform any obligation under the Adequate Assurance Proposal and does not cure such failure within 10 days following written notice from the Utility, then Debtor shall be in default as to such Utility.  If Debtor is in default, then the Utility that asserts the default: (i) shall have an administrative expense priority for any unpaid utility service after the Petition Date; (ii) may terminate the utility service in accordance with applicable non-bankruptcy law; and (iii) setoff any deposit against debtor's obligation for utility service after the Petition Date.

5. <u>Proposed Order</u>.  A proposed order is attached as Exhibit A.

<u>Legal Authority</u>

Section 366 of the Bankruptcy Code provides in relevant part:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not pad when due.
>
> (c)(1)(A) For purposes of this subsection, the term "assurance of payment" means—
>   (i) a cash deposit;
>   (ii) a letter of credit;
>   (iii) a certificate of deposit;
>   (iv) a surety bond;
>   (v) a prepayment of utility consumption; or
>   (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee.
>
>   (B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.
>
>   (2) Subject to paragraph (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility services, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.
>
>   (3) (A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).
>
>   (B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider—
>
>     (i) the absence of security before the date of the filing of the petition;
>     (ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or
>     (iii) the availability of an administrative expense priority.

>    (4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

Under the terms of Section 366 of the Bankruptcy Code, this Court may determine the form and amount of adequate assurance if the parties cannot reach agreement. *In re Beach House Property LLC*, 2008 WL 961498 (Bankr S.D. Fla.). Bankruptcy courts have the exclusive responsibility for determining what constitutes adequate assurance for payment of post-petition utility charges and are not bound by local or state regulations. See *Begley v. Philadelphia Electric Co. (In re Begley)*, 41 B.R. 402, 405-06 (E.D. Pa 1984), aff'd, 760 F.2d 46 (3d Cir. 1985). Adequate assurance of payment depends on the facts and circumstances of each case. *In re Beach House, Supra*.; *In re Anchor Glass Container Corp.*, 342 B.R. 872 (Bankr. M.D. Fla. 2005). In determining adequate assurance, the Court is not required to give utility companies the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of non-payment for post-petition services. *Anchor Glass, Supra*. See *In re Caldor, Inc.*, 199 B.R. 1, 3 (Bankr. S.D.N.Y. 1996); *In re Utica Floor Maintenance, Inc.*, 25 B.R. 1010, 1014 (Bankr. N.D.N.Y. 1982); *In re George C. Frye Co.*, 7 B.R.856, 858 (Bankr. D. Me. 1980). The recent amendments to section 366 allow the court to "order modification of the amount of an assurance of payment." Indeed, in some circumstances the courts have determined that no or a nominal deposit is required to provided "adequate assurance of payment." See *Virginia Electric & Power Co. v Caldor, Inc.*, 117 F.3d. 646, 650 (2d Cir 1997) (pre-amendment interpretation of section 366).

The Debtor submits that the Adequate Assurance Proposal constitutes "adequate assurance of payment." Even if the Debtor was to experience any difficulty in satisfying its post-petition

utility obligations on a timely basis, the Adequate Assurance Proposal will provide more than sufficient protection to the Utilities.

Uninterrupted utility service is vital to the continued operation of the Debtor's business. Therefore, the relief requested herein is necessary and in the best interests of the Debtor's estate and creditors. The Adequate Assurance Proposal is in keeping with the spirit and intent of Section 366 of the Bankruptcy Code, and is not prejudicial to the rights of any Utility.

THEREFORE, Debtor requests the order of this Court:

1. Authorizing and approving the Adequate Assurance Proposal, with such order being subject to objection by the Utilities and other parties in interest;

2. Directing all Utilities to continue furnishing utility services to the Debtor and enjoin all such Utilities from altering, refusing, or discontinuing the furnishing of utility services to the Debtor without complying with the Adequate Assurance Proposal; and

3. Providing the Debtor with such and other further relief as is just and appropriate.

Date: January 29, 2024  Respectfully submitted,

*/s/Michael A. Nardella*
Michael A. Nardella, Esq.
Florida Bar No. 051265
Jonathan M. Sykes, Esq.
Florida Bar No. 073176
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, FL 32801
Phone: (407) 966-2680
mnardella@nardellalaw.com
jsykes@nardellalaw.com
klynch@nardellalaw.com

*PROPOSED COUNSEL TO DEBTOR*

**CERTIFICATE OF SERVICE**

I certify that a copy of this motion, with attachments, has been served on January 29, 2024: (i) on all filing users through the CM/ECF filing system; and (ii) by first class U.S. mail and/or electronic notice to: Duke Energy, P.O. Box 1094, Charlotte, NC 28201-1094, Spectrum/Charter Communications, 1900 Blue Crest Ln, San Antonio TX 78247, Smart City, P.O. Box 733083, Dallas TX 75373-3083, Waste Connections of Florida, Orlando Hauling, 1099 Miller Ave, Altamonte Springs, FL 32701-2069, and all non-CM/ECF participants on the Local Rule 1007-2 Parties in Interest List as listed on the mailing matrix attached to the original of this document filed with the Court.

                                                */s/Michael A. Nardella*
                                                Michael A. Nardella, Esq.