UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DUSOBOX CORPORATION,

         Debtor.

_____/

CASE NO.: 6:24-bk-00391-TPG
CHAPTER 11

**APPLICATION TO EMPLOY THE LAW FIRM OF SHUTTS & BOWEN,
LLP, BRETT RENTON, ESQ. AND JEFFREY ELKINS, ESQ. AS SPECIAL
COUNSEL TO THE DEBTOR EFFECTIVE AS OF JANUARY 29, 2024**

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at George C. Young United States Federal Building and Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

Dusobox Corporation (the "Debtor" or "Dusobox"), pursuant to 11 U.S.C.§ 327(a), Fed. R. Bank. P. 2014(a) and 2016, and Local Rule 2016-1, hereby requests entry of an Order authorizing and approving employment of the Law firm of Shutts & Bowen, LLP, Brett Renton, Esq. and Jeffrey Elkins, Esq. (collectively "Shutts") to serve as special counsel to the Debtor in

litigation regarding Case No. 23cv62338, *Dusobox Corporation v Acorsys, S.L. et al*, in the Southern District of Florida and in support thereof states as follows:

<u>Background</u>

1.      <u>Chapter 11 Case.</u>  On January 29, 2024, the Debtor filed its voluntary petition seeking relief under Chapter 11 of the bankruptcy code.  The Debtor continues in possession of its property and management of its business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      Debtor desires to continue to employ Shutts pursuant to 11 U.S.C. §327(e) to represent them in ongoing litigation in Case No. Case No. 23cv62338, *Dusobox Corporation v Acorsys, S.L. et al*, (the "District Court Action") in the Southern District of Florida, pursuant to their Engagement Agreement between the parties.

3.      <u>Jurisdiction</u>.  The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      <u>Qualifications</u>.  Shutts has been selected because it (i) has considerable experience representing parties in matters of this nature, (ii) has experience representing the Debtors in the pre-petition action listed above, and (iii) is well-qualified to provide the necessary services for the Debtors.

5.      In support of this Application, Debtors rely on the Sworn Declaration of Brett Renton, Esq. attached hereto as **Exhibit "A".**

6.      <u>Services.</u>  Shutts will be engaged as special counsel to provide legal representation in *Dusobox Corporation v Acorsys, S.L. et al.*, Case no. 23cv62338., in the Southern District of Florida (the "South Florida Action"), as otherwise set forth in the scope of services defined by

the engagement agreement for the South Florida Action attached as **Exhibit "B"** ("Engagement Agreement"). Shutts will also represent Debtor on any future legal matters as become necessary or appropriate for Debtor to retain counsel provided Shutts agrees to undertake said representation after the appropriate conflict check and internal procedure, including expanding such scope of services to include, without limitation, drafting demand letters, contracts, or employment disputes, and all pursuant to the terms and conditions spelled out in the Engagement Agreement being expanded to each new matters.

7.    Compensation. Shutts has agreed perform the foregoing services as special counsel for the Debtors at an hourly rate for attorneys who are partners of $475.00 to $650.00 per hour and $250.00 to $450.00 per hour for paralegals or associates, subject to interim and final fee applications and Court approval.

8.    The Debtor believes that the retention of Shutts as special counsel for the Debtors will be in the best interests of the estate. The Debtor requires legal representation to pursue claims and causes of action in the South Florida action.

9.    Disinterested. Shutts has been representing the Debtors in the South Florida action. Bankruptcy Code section 327(e) provides in relevant part:

> ----the trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting a case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed.

Shutts does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed. Shutts does not represent or hold any interest adverse to the Debtor or the estate with respect to the matters that are the subject of the

legal services to be provided by Shutts under the Engagement Agreement, and its employment would be in the best interest of the estate and its creditors.

**WHEREFORE**, the Debtor requests the entry of an Order (i) authorizing and approving the Debtor to retain and employ Shutts as Special Counsel to the Debtor to perform the services set forth in this Application pursuant to the terms of the Engagement Agreement; and (ii) for such other and further relief as is just and proper in the circumstances.

Dated: March 7, 2024

Respectfully submitted,

*/s/Jonathan M Sykes*
Michael A. Nardella, Esq.
Florida Bar No. 051265
Jonathan M. Sykes, Esq.
Florida Bar No. 073176
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, FL 32801
Phone: (407) 966-2680
mnardella@nardellalaw.com
jsykes@nardellalaw.com
klynch@nardellalaw.com

*PROPOSED COUNSEL TO DEBTOR*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this application with attachments has been served onMarch 7, 2024; (i) to all filing users through the CM/ECF system; and (ii) by first class United States mail, postage prepaid, to Brett Renton, Shutts & Bowen, P.O. Box 4956, Orlando, FL 32802-4956.

*/s/Jonathan M Sykes*
Jonathan M. Sykes, Esq.

**EXHIBIT "A"**

**Declaration of Brett Renton, Esquire**

## SWORN DECLARATION OF BRETT RENTON IN
## SUPPORT OF APPLICATION TO EMPLOY SPECIAL COUNSEL

This declaration is filed pursuant to F.R.B.P. 2014 in support of Debtor's Application to Employ the law firm of Shutts & Bowen, LLP, Brett Renton Esq. and Jeffrey Elkins, Esq. (collectively "Shutts") ("Special Counsel"):

1. I am an attorney licensed to practice in the State of Florida.

2. I am an attorney with Shutts & Bowen, LLP, with offices located at 300 S Orange Ave, Ste. 1600, Orlando, FL 32801.

3. Shutts and I are willing to accept employment by the Debtor on the basis set forth in the engagement agreement which a true and correct copy is attached to the Motion as Exhibit "B" ("Engagement Agreement").

10. Prior to the filing of the bankruptcy case, Shutts represented the Debtor in a lawsuit styled *Dusobox Corporation v Acorsys, S.L. et al.*, Case no. 23cv62338 (the "South Florida Action"), in the District Court for the Southern District of Florida (the "South Florida Court") as otherwise set forth in the scope of services in the Engagement Agreement. Shutts is also willing to represent Debtor on any future legal matters as become necessary or appropriate for Debtor to retain counsel provided Shutts agrees to undertake said representation after the appropriate conflict check and internal procedure, including expanding such scope of services to include, without limitation, drafting demand letters, contracts, or employment disputes, and all pursuant to the terms and conditions spelled out in the Engagement Agreement being expanded to each new matters.

4. Neither I nor Shutts has represented or holds any interest adverse to the Debtor or to the estate with respect to the matters on which Shutts seeks to be employed.

5.    Pursuant to the Engagement Agreement, the Debtor has paid a pre-petition retainer in the amount of $25,000.00 for legal services. During the pre-petition representation, Shutts discovered the Debtor pre-petition overpaid an invoice in the amount of $16,448.50. This amount has been returned to Dusobox upon discovery of the error.

6.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 6th day of March 2024.

**BRETT RENTON**
Florida Bar No. 41994
Shutts & Bowen, LLP
300 South Orange Ave
Suite 1000
Orlando, FL 32801
Phone: 407-835-6791
Email: BRenton@shutts.com

**EXHIBIT B**

Engagement Agreement



MICHAEL J. GRINDSTAFF
PARTNER
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1600
Orlando, Florida 32801
Member Florida + Georgia Bar
DIRECT  (407) 835-6927
FAX     (407) 425-8316
EMAIL   mgrindstaff@shutts.com

September 15, 2023

**VIA ELECTRONIC MAIL**

John Kelley
Dusobox Corporation
2501 Investors Row, Suite 500
Orlando, Florida 32837

              Re:    Legal Representation – ACORSYS

Dear John:

      Thank you for selecting this firm to represent Dusobox Corporation ("Dusobox") regarding a potential lawsuit for damaged equipment (the "Damaged Equipment") that Dusobox purchased and received from ACORSYS. This letter will describe the basis on which our firm will provide legal services to you.

      The scope of our engagement will be to provide you with legal advice regarding the Damaged Equipment. We have agreed that our engagement is limited to performance of services related to this matter. We may agree with you to limit or expand the scope of our representation, provided that any such change is confirmed by us in writing.

      The principal basis for computing our fees will be the amount of time spent on the matter by various lawyers and legal assistants multiplied by their individual hourly billing rates. I will solicit the assistance of other attorneys in our office, and in particular commercial litigators, to assist with this representation. My discounted hourly rate is $575.00 per hour and our commercial litigation partners' hourly rates will range from $475.00 to$650.00. We will also utilize Associates and Paralegals within the firm where deemed appropriate in order to promote efficiency and cost effectiveness; and their billing rates range from $250.00 to $450.00.

      Our firm's normal policy is to obtain a significant retainer for complex commercial litigation such as this case. However, we are waiving this requirement for this matter.

      The terms and conditions under which we will represent you are set forth in the attached document captioned "Terms of Engagement." This cover letter and the attachment comprise a single document and are to be read as a whole. Please read this material carefully and if you agree to the terms and conditions set forth herein, please sign where indicated and return a signed

September 15, 2023
Page 2

copy of the document to me via e-mail at mgrindstaff@shutts.com, with a copy to
rrichardson@shutts.com.

    Please call me if you have any questions regarding this matter.

        Very truly yours,

        SHUTTS & BOWEN LLP

        *Michael J. Grindstaff*

        Michael J. Grindstaff

**AGREED TO AND ACCEPTED:**

**DUSOBOX CORPORATION, a Florida
corporation**

By: _____

Printed Name: John L Kelley

Title: President

Date: 9/21/23

**ATTORNEY-CLIENT PRIVILEGE/WORK PRODUCT**

*Revised June 2014*

## SHUTTS & BOWEN LLP

### TERMS OF ENGAGEMENT (LITIGATION)

We appreciate your (the "Client") decision to retain Shutts & Bowen as your legal counsel. Although our engagement is limited to the matter(s) identified in the engagement letter that accompanies this attachment, the terms of engagement set forth herein and in that letter will govern the relationship between us (including all of the Client's subsidiaries and affiliates) on this and all future matters, regardless of the scope of any such future legal services, unless modified in a writing signed by both the Client and the Firm. The following summarizes our billing practices and certain other terms that will apply to our initial and any future engagement to represent you.

1. **MONTHLY BILLING**: We bill monthly throughout the engagement for a particular matter, and our statements are due when rendered. In instances in which we represent more than one person with respect to a matter, each person that we represent is jointly and severally responsible for our fees with respect to the subject of representation. Our statements contain a concise summary of each matter for which legal services were rendered and a fee was charged. We record and bill our time in one-tenth hour (six minute) increments.

2. **ADVANCE DEPOSIT AND ESTIMATES**: When establishing fees for services that we render, we are guided primarily by the time and labor required; the novelty and difficulty of the legal issues involved; the legal skill required to perform the particular assignment; the fee customarily charged by comparable firms for similar legal services; the amount of money involved or at risk; the time constraints imposed by the client and/or the circumstances; and the inability to work on other matters in order to devote time to you, the Client.

It is the Firm's standard policy to obtain an advance deposit (herein, the "Deposit") upon acceptance of representation in each new matter. The Deposit shall be retained by the Firm in our trust account during the terms of this Agreement and will be used by the Firm to pay costs, expenses and fees for legal services. Upon billing you, the Firm, at its option, and any time prior to payment of such invoice by you, may apply the Deposit to satisfy the invoice. You agree to pay each invoice timely, in accordance with its terms, whether or not the Firm elects to apply all or part of the Deposit to a particular invoice. Upon payment by you of each such invoice to which the Deposit may have been applied, the payment will be used to replenish the Deposit to the level of its original amount. The Deposit, as replenished each month during the term of this Agreement, shall be applied to the Final Bill issued by the Firm following the termination of the Firm's representation under the terms of this Agreement. If the Final Bill amount does not exceed the then-unapplied portion of the Deposit, the excess amount shall be refunded to you. If the Final Invoice amount exceeds the then-available Deposit amount, you shall pay the excess amount upon receipt of the Final Bill. **At this time, there is no deposit required for the legal matter encompassed by this engagement letter."**

As we have discussed, the fees and costs relating to this matter are not predictable. Accordingly, we have made no commitment to you concerning the maximum fees and costs that will be necessary to resolve or complete this matter. Any discussion of fees and costs that we may have had represents only an estimate of such fees and costs. It is also expressly understood that payment of the Firm's fees and costs is in no way contingent on the ultimate outcome of the matter since we cannot guarantee any particular result or forecast the outcome of a legal matter with precision and 100% accuracy.

3. **ANNUAL ADJUSTMENT OF RATES**: This Firm annually adjusts its billing rates for lawyers and paralegals.

4. **EXPENSES (Costs and Cost Retainer)**: The Firm may require an advance cost retainer to ensure that

funds are available to pay consultants, experts and vendors (e.g. copy services, translators, court reporters, etc.) whose services are engaged on your behalf to assist in the representation. A cost retainer is separate from and in addition to the Advance Deposit referred to in paragraph 2, supra. Any unused funds remaining in the cost retainer at the conclusion of the representation will be refunded to the Client or applied to any outstanding fees owed to the Firm. In addition to legal fees, our statements may include out-of-pocket expenses that we have advanced on your behalf and other charges (which may exceed direct costs) for certain support activities. Advanced costs generally will include such items as travel expenses, filing, recording, certification, and registration fees charged by governmental bodies, facsimile charges, long distance telephone calls, courier services, computer research, photocopying expenses, and court reporter charges. The Firm, however, reserves the right not to advance expenses which exceed $100 and the Client may be asked to pay such expenses in advance. Any unused funds remaining in the cost retainer will be refunded to the Client or will be applied to any outstanding amounts owed the Firm at the conclusion of the representation.

5. **THIRD PARTIES SUCH AS EXPERTS AND COURT REPORTERS**: During the course of our representation, it may be appropriate or necessary to hire third parties to provide services on your behalf. These services may include consulting or testifying experts, investigators, providers of computerized litigation support and court reporters. Because of the attorney-client privilege and "work product" protection afforded to services that an attorney requests from third parties, in certain situations our Firm, with your consent, may assume responsibility for retaining the appropriate service providers. The Client, however, will be responsible for paying all fees and expenses of third party service providers who render services for your benefit. You will be consulted in connection with any third parties whose services we engage to assist in your representation.

6. **DELINQUENCIES**: If our monthly statements are not paid timely after they are rendered, we reserve the right to discontinue services until our account is brought current. You agree that non-payment of statements shall entitle us to withdraw from your representation and you agree not to contest any such withdrawal and to execute such documents as will permit us to withdraw.

7. **NO GUARANTEES**: Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning the litigation or various courses of action and the results that might be anticipated. Any such statement made by any attorney or employee of our Firm is intended to be an expression of opinion only, based on information available to us at that time, and should not be construed as a promise or guarantee. We have made no warranties or guarantees about an outcome or result.

The only thing predictable about a lawsuit is its unpredictability. Success in a lawsuit means different things to different people and is a highly subjective concept. Lawsuits are not subject to quantitative or mathematical formulae. The outcome of a lawsuit depends on a host of variable facts which differ from case to case and individual to individual. Predicting the outcomes of lawsuits and the possibility of monetary recoveries with accuracy is impossible. But be forewarned that lawsuits can be expensive, time-consuming and disruptive to your life. The process of "civil discovery" will lead to you being deposed and having to produce a large amount of records. While your attorney can and will assist you in this regard, you will be spending much time assisting in the preparation of the case since it is your lawsuit in which you have a personal stake. Accordingly, please do not entertain any unrealistic expectations of obtaining a specific result. Our objective will be to help you achieve in every ethical and legal way we can the best result that a strong effort, the law and the facts will permit.

8. **SCOPE OF DUTIES OF FIRM AND CLIENT**: We will provide the legal services generally described in the engagement letter that accompanies this attachment. You will provide us with such cooperation and truthful and accurate factual information and materials as we require to perform legal services on your behalf. Failure of the Client to disclose material facts to us truthfully and accurately and/or to cooperate with us or otherwise fulfill the terms of our engagement may lead to our decision to withdraw from the representation and it is understood and agreed that Client will not oppose such a decision if it is made. It is also understood that you are not relying on us for business, investment, financial, or accounting advice or to investigate the character or credit of persons with whom you may be dealing, unless otherwise requested and agreed to by the Firm. We will keep you advised of developments as necessary to perform our services and

2

will consult with you as necessary to ensure the timely, effective and efficient completion of our work. Client is encouraged to request at any time information pertaining to the subject of the representation.

9. **TERMINATION OF SERVICE**: Upon completion of the matter to which this representation applies, or upon earlier termination of our relationship, the attorney-client relationship will end unless Client and the Firm have expressly agreed to a continuation with respect to other matters. We hope, of course, that such a continuation will be the case. The representation is terminable at will by either party subject to ethical restraints and the payment of all fees and costs. In the event that a court of competent jurisdiction refuses to permit Shutts & Bowen to withdraw upon termination, the Client remains responsible for fees and costs.

10. **RETURN OF CLIENT RECORDS**: During the course of our representation of you, you may be asked to provide to us various documents. We will hold these records for you during the pendency of our representation and for six months thereafter. We will retain the balance of your file for seven (7) years. It is your responsibility, however, to secure the return of your records.

11. **INSURANCE**: Our engagement does not include responsibility for review of your insurance policies to determine the possibility of coverage for the claim asserted in this matter or for notification of your insurance carriers about the matter or advice to you about your disclosure obligations concerning the matter under any applicable law (for example, the securities laws).

12. **USE OF ELECTRONIC COMMUNI-CATIONS**: Client acknowledges that Shutts & Bowen LLP and Client may, during the course of this engagement, exchange information, convey documentation and otherwise communicate electronically with one another and, from time to time, with third parties in furtherance of the purposes of the engagement. For purposes of this provision, electronic communications include, but are not limited to, internet e-mail, instant messaging, facsimile, and wireless communications. Client further acknowledges that neither party has control over the performance, reliability, availability or security of such electronic communications. Consequently, Shutts & Bowen will not be liable to Client for any loss, damage, expense,

harm or inconvenience resulting from the loss, delay, disclosure, interception, corruption or alteration of any electronic communication. In the event Client objects to the use by Shutts & Bowen of any form of electronic communication, it shall so advise Shutts & Bowen in writing.

13. **CHARGING LIEN/RETAINING LIEN**: The Client agrees that the Firm shall have a lien on all of the Client's documents and personal property and money in its possession or another's possession for the benefit of the Client, including any funds held in a trust or retainer account of the Client which is maintained at or through the Firm, in order to secure the payment of all sums owed by the Client to the Firm under this agreement. The Client also agrees that the lien extends to property or funds received or receivable by the Client by settlement, judgment, or otherwise, or which was an issue in litigation between the parties.

14. **CHOICE OF FORUM/CHOICE OF LAW**: In consideration of the Firm's agreement to represent the Client, the Client agrees that the validity and effect of this Agreement shall be governed by and construed and enforced exclusively in accordance with the laws of the State of Florida, without regard to principles of conflicts of laws, and agrees to submit to the personal jurisdiction of Florida courts in connection with the contractual relationship embodied in these Terms of Engagement. The Client and Firm ("Parties") hereby submit to the exclusive jurisdiction of any federal or state court sitting in Orange County, Florida for the purpose of any action arising out of or relating to this agreement (an "Action"), and agree that all such actions shall be heard and determined in such Florida federal or state court. Each of the Parties hereby irrevocably waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of any Action in Orange County, Florida.

15. **NO THIRD PARTY BENEFIT**. Nothing herein is intended to create any benefit for a third party. The attorney-client relationship which is the subject of this document and the accompanying cover letter would, if created, exist only between the Firm and the undersigned Client(s) unless expressly specified otherwise. A third person or entity who is not named herein as the "Client(s)" has no legal right to claim that this Firm owes it (them) any duty or obligation as a result of the execution of this document. The Firm's only duty of representation is to the Client(s) named

3

herein and that duty arises only when the attorney-client relationship is established in conformity with the terms of this document.

The Client(s) named herein understands that (he(she)(it) should not say or do anything which might lead a third party to believe that this Firm is representing the interests of that third party. Whatever legal advice is given to the Client(s) by this Firm is intended only for the benefit and use of the Client(s).

16. **CLIENT'S ADVANCE CONSENT TO CONSULTATION WITH FIRM'S IN-HOUSE COUNSEL OR OUTSIDE COUNSEL.** In connection with our representation of the Client, the occasion might arise for us to consult with our General Counsel or other firm lawyers working with our General Counsel who do not perform work for the Client on the subject matter of the representation or with our own outside counsel at our expense, of course. To the extent that we are addressing our own rights or responsibilities, a conflict of interest might be deemed to exist between us and the Client as to such consultation or resulting communications, particularly if a dispute were to arise between us and the Client. A condition of this engagement is that, in such circumstances, the Client hereby consents to such consultation occurring, and waives any claim of conflict of interest based on such consultation or resulting communications that could otherwise disqualify us from continuing to represent the Client or from acting in our own behalf, even if doing so might be deemed adverse to the interests of the Client. The Client acknowledges that such communications are protected by our own attorney-client privilege from disclosure to the Client. Client agrees that such discussions and documents about legal and/or ethical issues affecting the firm's obligations will remain privileged and confidential.

**Please read these Terms of Engagement carefully.** Your agreement to this engagement constitutes your acceptance of the foregoing terms and conditions. If any term is unacceptable to you, please advise us now so that we can resolve any differences and proceed with a clear, complete and consistent understanding of our relationship.

These Terms of Engagement and the attached cover letter contain the entire agreement between you and the Firm. There are no other agreements or understandings stated or implied. It is understood and agreed that any changes, modifications or alterations of these Terms of Engagement shall be in writing and executed by the Client and the Firm.

If you have any questions, please call me. If you agree to our representation on the terms described herein, please sign below and return this document (cover letter and Terms of Engagement) to me in the enclosed, self-addressed envelope.

By signing and returning a copy of this document (including the cover letter) to us, together with any requested Deposit, you authorize us to undertake your representation.

4

## ACKNOWLEDGMENT

I have read and understand the foregoing and I agree to and accept the terms and conditions set forth herein.

AGREED AND ACCEPTED:

**DUSOBOX CORPORATION**

By: _John L. Kelley_

Name: _John L. Kelley_

Title: _President_

_____
Mailing Address

_____
Telephone No.

_____
Facsimile No.

_____
E-mail

_____
Mailing Address

_____
Tax I.D. No.

_____
Telephone No.

_____
Facsimile No.

_____
E-mail

5



MICHAEL J. GRINDSTAFF
PARTNER
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1600
Orlando, Florida 32801
Member Florida + Georgia Bar
DIRECT  (407) 835-6927
FAX     (407) 425-8316
EMAIL   mgrindstaff@shutts.com

January 17, 2024

**VIA ELECTRONIC MAIL**

John Kelley
Dusobox Corporation
2501 Investors Row, Suite 500
Orlando, Florida 32837

      Re:    Amendment to Original Terms of Engagement for Matter 32840-0012
             Legal Representation – ACORSYS

Dear John:

      Pursuant to our email exchanges and request, this letter will memorialize our Amendment to the Original Terms of Engagement and acknowledge that due to the filing of a Federal lawsuit in the Southern District of Florida, Dusobox has deposited a retainer in the amount of $25,000. The remainder of the terms of Paragraph 2 of the original Terms of Engagement are otherwise ratified.

      Please sign where indicated and return a signed copy of the document to me via e-mail at mgrindstaff@shutts.com, with a copy to rrichardson@shutts.com.

      Please call me if you have any questions regarding this matter.

               Very truly yours,

               SHUTTS & BOWEN LLP

               *Michael J. Grindstaff*

               Michael J. Grindstaff

**AGREED TO AND ACCEPTED:**

**DUSOBOX CORPORATION, a Florida corporation**

By: _____
Printed Name: _Jol~ ~. Kelley_
Title: _President_

## SWORN DECLARATION OF BRETT RENTON IN
## SUPPORT OF APPLICATION TO EMPLOY SPECIAL COUNSEL

This declaration is filed pursuant to F.R.B.P. 2014 in support of Debtor's Application to Employ the law firm of Shutts & Bowen, LLP, Brett Renton Esq. and Jeffrey Elkins, Esq. (collectively "Shutts") ("Special Counsel"):

1. I am an attorney licensed to practice in the State of Florida.

2. I am an attorney with Shutts & Bowen, LLP, with offices located at 300 S Orange Ave, Ste. 1600, Orlando, FL 32801.

3. Shutts and I are willing to accept employment by the Debtor on the basis set forth in the engagement agreement which a true and correct copy is attached to the Motion as Exhibit "B" ("Engagement Agreement").

10. Prior to the filing of the bankruptcy case, Shutts represented the Debtor in a lawsuit styled *Dusobox Corporation v Acorsys, S.L. et al.*, Case no. 23cv62338 (the "South Florida Action"), in the District Court for the Southern District of Florida (the "South Florida Court") as otherwise set forth in the scope of services in the Engagement Agreement.  Shutts is also willing to represent Debtor on any future legal matters as become necessary or appropriate for Debtor to retain counsel provided Shutts agrees to undertake said representation after the appropriate conflict check and internal procedure, including expanding such scope of services to include, without limitation, drafting demand letters, contracts, or employment disputes, and all pursuant to the terms and conditions spelled out in the Engagement Agreement being expanded to each new matters.

4. Neither I nor Shutts has represented or holds any interest adverse to the Debtor or to the estate with respect to the matters on which Shutts seeks to be employed.

5.      Pursuant to the Engagement Agreement, the Debtor has paid a pre-petition retainer in the amount of $25,000.00 for legal services. During the pre-petition representation, Shutts discovered the Debtor pre-petition overpaid an invoice in the amount of $16,448.50. This amount has been returned to Dusobox upon discovery of the error.

6.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 4th day of March 2024.

_____
**BRETT RENTON**
Florida Bar No. 41994
Shutts & Bowen, LLP
300 South Orange Ave
Suite 1000
Orlando, FL 32801
Phone: 407-835-6791
Email: BRenton@shutts.com

**EXHIBIT B**

Engagement Agreement



MICHAEL J. GRINDSTAFF
PARTNER
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1600
Orlando, Florida  32801
Member Florida + Georgia Bar
DIRECT  (407) 835-6927
FAX      (407) 425-8316
EMAIL  mgrindstaff@shutts.com

September 15, 2023

**VIA ELECTRONIC MAIL**

John Kelley
Dusobox Corporation
2501 Investors Row, Suite 500
Orlando, Florida 32837

    Re:  Legal Representation – ACORSYS

Dear John:

  Thank you for selecting this firm to represent Dusobox Corporation ("Dusobox") regarding a potential lawsuit for damaged equipment (the "Damaged Equipment") that Dusobox purchased and received from ACORSYS.  This letter will describe the basis on which our firm will provide legal services to you.

  The scope of our engagement will be to provide you with legal advice regarding the Damaged Equipment.  We have agreed that our engagement is limited to performance of services related to this matter.  We may agree with you to limit or expand the scope of our representation, provided that any such change is confirmed by us in writing.

  The principal basis for computing our fees will be the amount of time spent on the matter by various lawyers and legal assistants multiplied by their individual hourly billing rates.  I will solicit the assistance of other attorneys in our office, and in particular commercial litigators, to assist with this representation.   My discounted hourly rate is $575.00 per hour and our commercial litigation partners' hourly rates will range from $475.00 to $650.00.   We will also utilize Associates and Paralegals within the firm where deemed appropriate in order to promote efficiency and cost effectiveness; and their billing rates range from $250.00 to $450.00.

  Our firm's normal policy is to obtain a significant retainer for complex commercial litigation such as this case.  However, we are waiving this requirement for this matter.

  The terms and conditions under which we will represent you are set forth in the attached document captioned "Terms of Engagement."  This cover letter and the attachment comprise a single document and are to be read as a whole.  Please read this material carefully and if you agree to the terms and conditions set forth herein, please sign where indicated and return a signed

September 15, 2023
Page 2

copy of the document to me via e-mail at mgrindstaff@shutts.com, with a copy to rrichardson@shutts.com.

       Please call me if you have any questions regarding this matter.

                                 Very truly yours,

                                 SHUTTS & BOWEN LLP

                                 *Michael J. Grindstaff*

                                 Michael J. Grindstaff

**AGREED TO AND ACCEPTED:**

**DUSOBOX CORPORATION, a Florida corporation**

By: _____

Printed Name: _John L Kelly_

Title: _President_

Date: _9/21/23_

**ATTORNEY-CLIENT PRIVILEGE/WORK PRODUCT**

*Revised June 2014*

## SHUTTS & BOWEN LLP

## TERMS OF ENGAGEMENT (LITIGATION)

We appreciate your (the "Client") decision to retain Shutts & Bowen as your legal counsel. Although our engagement is limited to the matter(s) identified in the engagement letter that accompanies this attachment, the terms of engagement set forth herein and in that letter will govern the relationship between us (including all of the Client's subsidiaries and affiliates) on this and all future matters, regardless of the scope of any such future legal services, unless modified in a writing signed by both the Client and the Firm. The following summarizes our billing practices and certain other terms that will apply to our initial and any future engagement to represent you.

1. **MONTHLY BILLING**: We bill monthly throughout the engagement for a particular matter, and our statements are due when rendered. In instances in which we represent more than one person with respect to a matter, each person that we represent is jointly and severally responsible for our fees with respect to the subject of representation. Our statements contain a concise summary of each matter for which legal services were rendered and a fee was charged. We record and bill our time in one-tenth hour (six minute) increments.

2. **ADVANCE DEPOSIT AND ESTIMATES**: When establishing fees for services that we render, we are guided primarily by the time and labor required; the novelty and difficulty of the legal issues involved; the legal skill required to perform the particular assignment; the fee customarily charged by comparable firms for similar legal services; the amount of money involved or at risk; the time constraints imposed by the client and/or the circumstances; and the inability to work on other matters in order to devote time to you, the Client.

It is the Firm's standard policy to obtain an advance deposit (herein, the "Deposit") upon acceptance of representation in each new matter. The Deposit shall be retained by the Firm in our trust account during the terms of this Agreement and will be used by the Firm to

pay costs, expenses and fees for legal services. Upon billing you, the Firm, at its option, and any time prior to payment of such invoice by you, may apply the Deposit to satisfy the invoice. You agree to pay each invoice timely, in accordance with its terms, whether or not the Firm elects to apply all or part of the Deposit to a particular invoice. Upon payment by you of each such invoice to which the Deposit may have been applied, the payment will be used to replenish the Deposit to the level of its original amount. The Deposit, as replenished each month during the term of this Agreement, shall be applied to the Final Bill issued by the Firm following the termination of the Firm's representation under the terms of this Agreement. If the Final Bill amount does not exceed the then-unapplied portion of the Deposit, the excess amount shall be refunded to you. If the Final Invoice amount exceeds the then-available Deposit amount, you shall pay the excess amount upon receipt of the Final Bill. **At this time, there is no deposit required for the legal matter encompassed by this engagement letter."**

As we have discussed, the fees and costs relating to this matter are not predictable. Accordingly, we have made no commitment to you concerning the maximum fees and costs that will be necessary to resolve or complete this matter. Any discussion of fees and costs that we may have had represents only an estimate of such fees and costs. It is also expressly understood that payment of the Firm's fees and costs is in no way contingent on the ultimate outcome of the matter since we cannot guarantee any particular result or forecast the outcome of a legal matter with precision and 100% accuracy.

3. **ANNUAL ADJUSTMENT OF RATES**: This Firm annually adjusts its billing rates for lawyers and paralegals.

4. **EXPENSES (Costs and Cost Retainer)**: The Firm may require an advance cost retainer to ensure that

funds are available to pay consultants, experts and vendors (e.g. copy services, translators, court reporters, etc.) whose services are engaged on your behalf to assist in the representation. A cost retainer is separate from and in addition to the Advance Deposit referred to in paragraph 2, supra. Any unused funds remaining in the cost retainer at the conclusion of the representation will be refunded to the Client or applied to any outstanding fees owed to the Firm. In addition to legal fees, our statements may include out-of-pocket expenses that we have advanced on your behalf and other charges (which may exceed direct costs) for certain support activities. Advanced costs generally will include such items as travel expenses, filing, recording, certification, and registration fees charged by governmental bodies, facsimile charges, long distance telephone calls, courier services, computer research, photocopying expenses, and court reporter charges. The Firm, however, reserves the right not to advance expenses which exceed $100 and the Client may be asked to pay such expenses in advance. Any unused funds remaining in the cost retainer will be refunded to the Client or will be applied to any outstanding amounts owed the Firm at the conclusion of the representation.

5. **THIRD PARTIES SUCH AS EXPERTS AND COURT REPORTERS**: During the course of our representation, it may be appropriate or necessary to hire third parties to provide services on your behalf. These services may include consulting or testifying experts, investigators, providers of computerized litigation support and court reporters. Because of the attorney-client privilege and "work product" protection afforded to services that an attorney requests from third parties, in certain situations our Firm, with your consent, may assume responsibility for retaining the appropriate service providers. The Client, however, will be responsible for paying all fees and expenses of third party service providers who render services for your benefit. You will be consulted in connection with any third parties whose services we engage to assist in your representation.

6. **DELINQUENCIES**: If our monthly statements are not paid timely after they are rendered, we reserve the right to discontinue services until our account is brought current. You agree that non-payment of statements shall entitle us to withdraw from your representation and you agree not to contest any such withdrawal and to execute such documents as will permit us to withdraw.

7. **NO GUARANTEES**: Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning the litigation or various courses of action and the results that might be anticipated. Any such statement made by any attorney or employee of our Firm is intended to be an expression of opinion only, based on information available to us at that time, and should not be construed as a promise or guarantee. We have made no warranties or guarantees about an outcome or result.

The only thing predictable about a lawsuit is its unpredictability. Success in a lawsuit means different things to different people and is a highly subjective concept. Lawsuits are not subject to quantitative or mathematical formulae. The outcome of a lawsuit depends on a host of variable facts which differ from case to case and individual to individual. Predicting the outcomes of lawsuits and the possibility of monetary recoveries with accuracy is impossible. But be forewarned that lawsuits can be expensive, time-consuming and disruptive to your life. The process of "civil discovery" will lead to you being deposed and having to produce a large amount of records. While your attorney can and will assist you in this regard, you will be spending much time assisting in the preparation of the case since it is your lawsuit in which you have a personal stake. Accordingly, please do not entertain any unrealistic expectations of obtaining a specific result. Our objective will be to help you achieve in every ethical and legal way we can the best result that a strong effort, the law and the facts will permit.

8. **SCOPE OF DUTIES OF FIRM AND CLIENT**: We will provide the legal services generally described in the engagement letter that accompanies this attachment. You will provide us with such cooperation and truthful and accurate factual information and materials as we require to perform legal services on your behalf. Failure of the Client to disclose material facts to us truthfully and accurately and/or to cooperate with us or otherwise fulfill the terms of our engagement may lead to our decision to withdraw from the representation and it is understood and agreed that Client will not oppose such a decision if it is made. It is also understood that you are not relying on us for business, investment, financial, or accounting advice or to investigate the character or credit of persons with whom you may be dealing, unless otherwise requested and agreed to by the Firm. We will keep you advised of developments as necessary to perform our services and

2

will consult with you as necessary to ensure the timely, effective and efficient completion of our work. Client is encouraged to request at any time information pertaining to the subject of the representation.

9. **TERMINATION OF SERVICE**: Upon completion of the matter to which this representation applies, or upon earlier termination of our relationship, the attorney-client relationship will end unless Client and the Firm have expressly agreed to a continuation with respect to other matters. We hope, of course, that such a continuation will be the case. The representation is terminable at will by either party subject to ethical restraints and the payment of all fees and costs. In the event that a court of competent jurisdiction refuses to permit Shutts & Bowen to withdraw upon termination, the Client remains responsible for fees and costs.

10. **RETURN OF CLIENT RECORDS**: During the course of our representation of you, you may be asked to provide to us various documents. We will hold these records for you during the pendency of our representation and for six months thereafter. We will retain the balance of your file for seven (7) years. It is your responsibility, however, to secure the return of your records.

11. **INSURANCE**: Our engagement does not include responsibility for review of your insurance policies to determine the possibility of coverage for the claim asserted in this matter or for notification of your insurance carriers about the matter or advice to you about your disclosure obligations concerning the matter under any applicable law (for example, the securities laws).

12. **USE OF ELECTRONIC COMMUNI-CATIONS:** Client acknowledges that Shutts & Bowen LLP and Client may, during the course of this engagement, exchange information, convey documentation and otherwise communicate electronically with one another and, from time to time, with third parties in furtherance of the purposes of the engagement. For purposes of this provision, electronic communications include, but are not limited to, internet e-mail, instant messaging, facsimile, and wireless communications. Client further acknowledges that neither party has control over the performance, reliability, availability or security of such electronic communications. Consequently, Shutts & Bowen will not be liable to Client for any loss, damage, expense,

harm or inconvenience resulting from the loss, delay, disclosure, interception, corruption or alteration of any electronic communication. In the event Client objects to the use by Shutts & Bowen of any form of electronic communication, it shall so advise Shutts & Bowen in writing.

13. **CHARGING LIEN/RETAINING LIEN**: The Client agrees that the Firm shall have a lien on all of the Client's documents and personal property and money in its possession or another's possession for the benefit of the Client, including any funds held in a trust or retainer account of the Client which is maintained at or through the Firm, in order to secure the payment of all sums owed by the Client to the Firm under this agreement. The Client also agrees that the lien extends to property or funds received or receivable by the Client by settlement, judgment, or otherwise, or which was an issue in litigation between the parties.

14. **CHOICE OF FORUM/CHOICE OF LAW**: In consideration of the Firm's agreement to represent the Client, the Client agrees that the validity and effect of this Agreement shall be governed by and construed and enforced exclusively in accordance with the laws of the State of Florida, without regard to principles of conflicts of laws, and agrees to submit to the personal jurisdiction of Florida courts in connection with the contractual relationship embodied in these Terms of Engagement. The Client and Firm ("Parties") hereby submit to the exclusive jurisdiction of any federal or state court sitting in Orange County, Florida for the purpose of any action arising out of or relating to this agreement (an "Action"), and agree that all such actions shall be heard and determined in such Florida federal or state court. Each of the Parties hereby irrevocably waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of any Action in Orange County, Florida.

15. **NO THIRD PARTY BENEFIT**. Nothing herein is intended to create any benefit for a third party. The attorney-client relationship which is the subject of this document and the accompanying cover letter would, if created, exist only between the Firm and the undersigned Client(s) unless expressly specified otherwise. A third person or entity who is not named herein as the "Client(s)" has no legal right to claim that this Firm owes it (them) any duty or obligation as a result of the execution of this document. The Firm's only duty of representation is to the Client(s) named

herein and that duty arises only when the attorney-client relationship is established in conformity with the terms of this document.

The Client(s) named herein understands that (he)(she)(it) should not say or do anything which might lead a third party to believe that this Firm is representing the interests of that third party. <u>Whatever legal advice is given to the Client(s) by this Firm is intended only for the benefit and use of the Client(s).</u>

16. **CLIENT'S ADVANCE CONSENT TO CONSULTATION WITH FIRM'S IN-HOUSE COUNSEL OR OUTSIDE COUNSEL.** In connection with our representation of the Client, the occasion might arise for us to consult with our General Counsel or other firm lawyers working with our General Counsel who do not perform work for the Client on the subject matter of the representation or with our own outside counsel at our expense, of course. To the extent that we are addressing our own rights or responsibilities, a conflict of interest might be deemed to exist between us and the Client as to such consultation or resulting communications, particularly if a dispute were to arise between us and the Client. A condition of this engagement is that, in such circumstances, the Client hereby consents to such consultation occurring, and waives any claim of conflict of interest based on such consultation or resulting communications that could otherwise disqualify us from continuing to represent the Client or from acting in our own behalf, even if doing so might be deemed adverse to the interests of the Client. The Client acknowledges that such communications are protected by our own attorney-client privilege from disclosure to the Client. Client agrees that such discussions and documents about legal and/or ethical issues affecting the firm's obligations will remain privileged and confidential.

**Please read these Terms of Engagement carefully.** Your agreement to this engagement constitutes your acceptance of the foregoing terms and conditions. If any term is unacceptable to you, please advise us now so that we can resolve any differences and proceed with a clear, complete and consistent understanding of our relationship.

These Terms of Engagement and the attached cover letter contain the entire agreement between you and the Firm. There are no other agreements or understandings stated or implied. It is understood and agreed that any changes, modifications or alterations of these Terms of Engagement shall be in writing and executed by the Client and the Firm.

If you have any questions, please call me. If you agree to our representation on the terms described herein, please sign below and return this document (cover letter and Terms of Engagement) to me in the enclosed, self-addressed envelope.

By signing and returning a copy of this document (including the cover letter) to us, together with any requested Deposit, you authorize us to undertake your representation.

4

## ACKNOWLEDGMENT

I have read and understand the foregoing and I agree to and accept the terms and conditions set forth herein.

AGREED AND ACCEPTED:

**DUSOBOX CORPORATION**

By: _____

Name: _John L. Keller_____

Title: _President_____

_____
Mailing Address

_____
Telephone No.

_____
Facsimile No.

_____
E-mail

_____
Mailing Address

_____
Tax I.D. No.

_____
Telephone No.

_____
Facsimile No.

_____
E-mail

5



MICHAEL J. GRINDSTAFF
PARTNER
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1600
Orlando, Florida 32801
Member Florida + Georgia Bar
DIRECT  (407) 835-6927
FAX     (407) 425-8316
EMAIL  mgrindstaff@shutts.com

January 17, 2024

**VIA ELECTRONIC MAIL**

John Kelley
Dusobox Corporation
2501 Investors Row, Suite 500
Orlando, Florida 32837

      Re:    Amendment to Original Terms of Engagement for Matter 32840-0012
               Legal Representation – ACORSYS

Dear John:

      Pursuant to our email exchanges and request, this letter will memorialize our Amendment to the Original Terms of Engagement and acknowledge that due to the filing of a Federal lawsuit in the Southern District of Florida, Dusobox has deposited a retainer in the amount of $25,000. The remainder of the terms of Paragraph 2 of the original Terms of Engagement are otherwise ratified.

      Please sign where indicated and return a signed copy of the document to me via e-mail at mgrindstaff@shutts.com, with a copy to rrichardson@shutts.com.

      Please call me if you have any questions regarding this matter.

                        Very truly yours,

                        SHUTTS & BOWEN LLP

                        *Michael J. Grindstaff*

                        Michael J. Grindstaff

**AGREED TO AND ACCEPTED:**

**DUSOBOX CORPORATION, a Florida corporation**

By: _____
Printed Name: _Joh  L. Kelley_
Title: _President_